IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In re:<br><br>LLOYD E. MITCHELL, INC.,<br><br>    Debtor. | |
| NICHOLL CLAIMANTS,<br><br>    Appellants-Respondents,<br><br>v.<br><br>MARYLAND CASUALTY CO.,<br>THE TRAVELERS INDEMNITY CO.,<br>THE LAW OFFICES OF PETER G.<br>ANGELOS, P.C., and<br>LLOYD E. MITCHELL, INC.,<br><br>    Appellees-Movants. | Nos. 14-1327, 14-1423<br><br>(District Court No. 13-01418)<br><br>(Bankruptcy Court No. 06-13250) |

**MOTION OF THE ANGELOS CLAIMANTS
TO EXPEDITE APPEAL**

    The Law Offices of Peter G. Angelos, P.C., an Appellee and Movant in its capacity as counsel for certain holders of asbestos-related personal injury claims against Lloyd E. Mitchell (the "Angelos Claimants"), hereby moves, pursuant to Rule 27 of the Federal Rules of Appellate Procedure (the "F.R.A.P.") and Rule 12(c) of the Local Rules and Internal Operating Procedures of the Fourth Circuit (the "Local Rules"), to expedite the above-captioned, consolidated appeal and cross-appeal (the "Appeal"). As grounds therefor and in support hereof, the Angelos Claimants respectfully state as follows:

    1.    This Appeal concerns the Bankruptcy Court's exercise of discretion in granting relief from the automatic stay for the purposes of allowing the Appellees to consummate a

settlement agreement, dated October 15, 2010, resolving the Angelos Claimants' substantial asbestos-related claims against Lloyd E. Mitchell, Inc. (the "Debtor") and its insurers, Maryland Casualty Company and the Travelers Indemnity Company.[1] The Appellants – non-parties to that agreement – seek in this Appeal to overturn the decision of the Bankruptcy Court below to grant relief from the automatic stay imposed by Bankruptcy Code section 362, 11 U.S.C. § 362, and permit the Appellees to perform their obligations under the settlement agreement, on the grounds that the Bankruptcy Court abused its discretion.

2.    After initially opposing the Appellees' motion for relief from stay and then moving the Bankruptcy Court to reconsider its decision granting relief, the Appellants unsuccessfully prosecuted an appeal to the District Court. The instant Appeal therefore represents the Appellants' *fourth* direct challenge (in addition to numerous collateral attacks in state court) to the lifting of the automatic stay.

3.    The issues *sub judice* have been exhaustively briefed in the courts below. The only question on appeal is whether the Bankruptcy Court acted within the bounds of its discretion. There is no novel or complicated legal issue and the record on appeal is small in volume and strictly documentary. Meanwhile, the Angelos Claimants – critically ill victims of asbestos-related ailments and, increasingly, the estates of such victims – remain unable to realize the benefits of the settlement agreement reached in 2010. Manifest support thus exists to expedite this Appeal.

4.    The Angelos Claimants therefore propose, in lieu of the deadlines set forth in F.R.A.P. 28(f), that the parties' briefs be served and filed on the following schedule:

- The opening brief in the appeal, within 20 days after the record is filed;

---

[1]    The Debtor has also filed a motion to dismiss its bankruptcy case, which has been joined by the Angelos Claimants.

2

- Response brief(s) in the appeal and the principal brief in the cross-appeal, within 20 days thereafter;

- The reply brief in the appeal and response brief(s) in the cross-appeal, within 20 days thereafter; and

- The reply brief in the cross-appeal, within 7 days thereafter.

5.     For the same reasons, the Angelos Claimants propose that the Court resolve this Appeal without oral argument from the parties hereto.

6.     Pursuant to Local Rule 27(a), the other parties to the Appeal were informed of the intended filing of this motion. It is the understanding of the Angelos Claimants that the other Appellees will not object to the requested relief but that the Appellants will oppose.

*      *      *

WHEREFORE, the Angelos Claimants respectfully request that the Court expedite the instant Appeal on the terms set forth above and grant the Angelos Claimants such other and further relief as is just and proper.

Dated: May 7, 2014

/s/ R. Bruce McElhone
Armand J. Volta, Jr.
R. Bruce McElhone
THE LAW OFFICES OF
PETER G. ANGELOS, P.C.
100 North Charles Street, 21st Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Facsimile: (410) 649-2111

- and -

Jeffrey L. Jonas
James W. Stoll
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel to the Angelos Claimants*

## CERTIFICATE OF SERVICE

I certify that on May 7, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ R. Bruce McElhone
R. Bruce McElhone